In the Matter of INSURANCE COMPANY OF NORTH AMERICA, Respondent, *v.* S. E. SENIOR, as Chairman of the Workmen's Compensation Board of the State of New York, Appellant.

Third Department, December 23, 1966.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Ruth Kessler Toch* of counsel), for appellant.

*Davis, Polk, Wardwell, Sunderland & Kiendl* (*Winthrop J. Allegaert* and *Henry L. King* of counsel), for respondent.

STALEY, JR., J. This is an appeal from an order and judgment in an article 78 proceeding which granted the petition, and annulled and set aside two assessments made by the Chairman of the Workmen's Compensation Board under sections 15 (subd. 8, par. [h]), 25-a and 151 of the Workmen's Compensation Law, and directed the Chairman to make new assessments.

The respondent is an insurance carrier engaged in the business of issuing workmen's compensation policies and, during the fiscal year ending March 31, 1964, paid the sum of $2,297,726.42 to workers pursuant to awards made by the Workmen's Compensation Board.

On December 23, 1964, the appellant made an assessment pursuant to the provisions of sections 25-a and 151 of the Workmen's Compensation Law and, on March 26, 1965, he made an assessment pursuant to provisions of section 15 (subd. 8, par. [h]) of the Workmen's Compensation Law; both assessments were based on the total compensation payments made by the respondent during the fiscal year ending March 31, 1964.

In connection with occupation diseases, section 44 of the Workmen's Compensation Law provides as follows: " The total compensation due shall be recoverable from the employer who

last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If, however, such disease, except silicosis or other dust disease and compressed air illness or its sequelae, was contracted while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation as provided by this section, may appeal to the board for an apportionment of such compensation among the several employers who since the contraction of such disease shall have employed such employee in the employment to the nature of which the disease was due. Such apportionment shall be proportioned to the time such employee was employed in the service of such employers ''.

Pursuant to the provisions of section 44, the respondent received recoupment payments during the fiscal year ending March 31, 1964 in the sum of $197,831.63 from other carriers and self-insurers representing the apportioned amounts of the liability of prior employers who were jointly responsible for the worker's disease.

The respondent contends that the assessments were erroneous since the Chairman refused to allow the respondent a deduction of the amount of the recoupment payments, from the amount of the total compensation payments for the fiscal year involved, as the basis for the computation of the assessments due.

Section 15 (subd. 8, par. [h]) provides that the computation of the assessment is based on '' total compensation paid by such carrier '' and section 151 provides '' total compensation or payments made by such carrier '' during the year involved.

The Chairman contends that no deduction of recoupment payments is permissible because there is no statutory directive providing for a deduction of such payments received from other carriers or self-insurers as a result of apportionment of liability. In addition, the Chairman has assessed the carrier making the recoupment payments on the basis of an inclusion of such payments in '' total compensation or payments made by such carrier.''

The term '' compensation '' in this statute was not intended to include the same payments as the basis of liability for both the payee and payor in computing the assessments under these statutes.

The respondent here, as the last employer, is required to pay the entire award as a matter of convenience to the claimant. Ultimate responsibility rests on all the employers involved in the ratio of the apportionment provided by section 44. (*Matter of Doherty* v. *Grow Constr. Co.*, 14 A D 2d 957.) There is but

one compensation payment to the claimant employee made up of the share of the last employer plus the shares of prior employers. From the statute itself it seems almost self-evident that, if a claimant was paid $100 by carrier A and carrier B reimbursed A in the amount of $90, the statute was not intended to require the payment of an assessment on the total sum of $190.

The respondent is, therefore, entitled to a deduction of the recoupment payments received from prior employers pursuant to section 44 of the Workmen's Compensation Law in the computation of the assessments provided by sections 15 (subd. 8, par [h]), 25-a, and 151 of the Workmen's Compensation Law.

In the present case the appellant's construction of the statutes does not conform with the letter and spirit of the statutes involved and violates the rule of statutory construction that where the interpretation of a statute would cause "great inconvenience or produce inequality or injustice, another and more reasonable interpretation is to be sought." (*Matter of Meyer*, 209 N. Y. 386, 389.)

The order and judgment should be affirmed.

HERLIHY, J. (dissenting). The issue in this proceeding is whether or not the Chairman has correctly computed the assessments under attack. Although there is no assessment under section 25-a of the Workmen's Compensation Law attacked in this case, the result reached herein as to section 151 of the Workmen's Compensation Law directly affects assessments made for this Special Fund.

In this regard section 15 (subd. 8, par. [h]) provides in part as follows: " Special disability fund  *  *  *  The chairman  *  *  *  shall assess  *  *  *  a sum equal to that proportion of one hundred seventy-five per centum of the total disbursements made from the special disability fund during the preceding calendar year, less the amount of the net assets in such fund as of December thirty-first of said preceding calendar year, which the total compensation payments of such carrier bore to the total compensation payments made by all carriers during the *fiscal year which ended within said preceding calendar year* " (emphasis supplied).

Subdivision 3 of section 25-a of the Workmen's Compensation Law provides in part: " *Annually*, as soon as practicable after *January first in each year*  *  *  *  the chairman *shall assess and collect* from all insurance carriers, in the respective proportions *established in the prior fiscal year* under the provisions of section one hundred fifty-one of this chapter for each carrier,

an amount sufficient to restore the fund to the prescribed minimum." (Emphasis supplied.)

Subdivision 2 of section 151 of the Workmen's Compensation Law, among other things, states: "If there be any deficiency the chairman shall thereupon assess upon and collect * * * the proportion of such expense that the total compensation or payments made by *such carrier in such year bore to the total compensation* or payments made by all insurance carriers." (Emphasis supplied.)

It is contended that the statute as interpreted by the Chairman violates the respondent's rights under the New York and Federal Constitutions not to be deprived of its property without due process of law and the equal protection of the laws. A similar argument was made and denied in the early days of this law (1922) in regard to certain payments which self-insured employers and insurance carriers had to make under section 15 of the Workmen's Compensation Law. (*Matter of McNamara* v. *New York State Rys.*, 233 N. Y. 681.)

This assessment is not a tax. (Cf. *Wickham* v. *Trapani*, 26 A D 2d 216, 219; *Matter of McNamara* v. *New York State Rys.*, *supra.*)

The cases cited by the respondent are inapplicable to this proceeding. The assessment here is fair as amongst all those subject to it in that it is based upon the constant factor of "compensation" for any given period of time. The fact that some portion of the compensation paid is later recouped has no bearing upon this particular part of the Workmen's Compensation Law. Insofar as sections 15 (subd. 8, par. [h]) and 25-a and the respondent insurance carrier are concerned, these sections specifically provide that the respondent shall in turn recoup the assessments through rate adjustment to the employers. As far as section 151 is concerned, the expenses of administration encompass both determining awards of compensation and awards of apportionment and thus the amounts paid out by the carriers and received by them through apportionment contribute to and reflect the costs of administration. Thus, it is seen that under section 151 the benefit is in proportion to the assessment.

The respondent further contends that the word "compensation" means the amount paid out on claims by the carriers exclusive of the amounts received on "recoupment". The majority has adopted this contention. The basis of this contention appears to be that this is the only equitable way of interpreting the statute.

It is apparent that the assessment sections quoted above require ratios based on the total compensation payment of carriers as of a given time. These particular sections contain no definition of compensation, but in section 2 of the Workmen's Compensation Law we find:

" § 2. Definitions. As used in this chapter * * * 6. 'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein."

There is no provision made for the deduction of recoupment and the Legislature has by the language used in these sections obviously made no change in the meaning of " compensation " as defined in subdivision 6 of section 2 of the Workmen's Compensation Law.

Accordingly, the Chairman has followed the mandate of the sections quoted above in making the assessments herein.

With reference to the illustration of a payment of an assessment set forth in the majority opinion, it is a given set of limited facts not necessarily controlling and if extended over a period of years, it might resolve itself, but in any event there is no distinction in the statute between payments made directly to a claimant or paid out to another carrier as a proportionate reimbursement nor does the statute make or intend such distinction. It refers to " payments made by [such] carriers ". This includes proportionate payments even though made to a carrier by way of reimbursement. Section 44 creates rights and liability as between employers. (*Matter of Hamilton* v. *Healy Co.*, 14 A D 2d 364; *Matter of Dunleavy*, 309 N. Y. 8, 12.) This section, while regulating apportionment among employers, is not controlling as to the method of assessments provided in sections 15 (subd. 8, par. [h]), 25-a (subd. 3) or 151 (subd. 2).

The statute, in my opinion, is plain and unambiguous but if further refinement is deemed necessary, it is a legislative matter.

It may well be that these particular statutes will from time to time result in certain inequities because of *particular transactions* of a *particular insurance company* during a *particular year*. But such, if it does occur, is due to the problem of passing the costs of administration and funding to the employer and does not make the assessment provisions set forth above unconstitutional. The statutes have been in effect for many years without challenge and it is apparent that the present set of facts are unusual and not the ordinary run of business. The purpose of the assessments considered herein is to spread as equitably as possible the cost of compensation among all employers. The

Legislature, in its wisdom, made no provision for deduction of apportionment payments under the statute and this court should not write such a provision into the law. In my opinion, the construction of the statute, as interpreted by the Chairman, is reasonable.

In *Curtis* v. *Eide* (19 A D 2d 507, 508), the court said with reference to the Workmen's Compensation Board: " The construction given by those whose duty it is to enforce a statute should be given consideration. (*Grimmer* v. *Tenant House Dept. of City of N. Y.*, 205 N. Y. 549, 550.) ".

In *Matter of Lambright* v. *St. Luke's Hosp.* (3 A D 2d 613, 614), the court said: " The seeming hardship imposed upon the carrier in this case must, we suppose, be regarded as the result of a risk incidental to its business ".

It is not necessary on the present record to reach the issue that if a compensation payment and apportionment occur in the same year, whether there should be a proportionate adjustment of the amount of compensation paid by payee.

I would reverse the judgment and order on the law and the facts and dismiss the petition.

GIBSON, P. J., REYNOLDS and AULISI, JJ., concur with STALEY, JR., J.; HERLIHY, J., dissents and votes to reverse, in an opinion.

Judgment and order affirmed, with costs.