■ In the Matter of the Claim of DJENANA SANCHEZ, Respondent, v. UNION CARBIDE CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from decisions dated March 15, 1971 and June 15, 1971 which awarded death benefits to the dependents of a deceased employee and which assessed a penalty upon the insurance carrier for a failure to pay the full amount of the award as required by section 23 of the Workmen's Compensation Law. . The board resolved the issues of accident and causal relation as follows: "Upon review, the majority of the Board Panel finds that while on work assignment in Spain beginning in June of 1967, decedent worked long hours daily, had difficulties with labor conditions and work responsibilities; engaged in beach bathing; and that as a result of the work and employment conditions, and environment to which the employment exposed him, he was under great physical and emotional stress and suffered unfavorable weather exposure all causing him to develop respiratory infection and asthmatic attack culminating in his death on August 3, 1967. It is found therefore that accidental injury and causal relation between accidental injury and death are established." The record presents a factual issue as to the extent of any actual physical or emotional stress suffered by the claimant in the course of the employment. There is substantial evidence that the decedent was working long hours daily and had difficulties with labor conditions and carrying out his responsibilities. Albeit the appellant argued to the contrary, there was a sufficient showing that the death was related to the employment and the employment environment to sustain an award pursuant to the cases of *Matter of Schuren* v. *Wolfson* (30 N Y 2d 90) and *Matter of McCormick* v. *Green Bus Lines* (29 N Y 2d 246). The insurance carrier's contention that it may refrain from paying so much of an award as represents the attorney's lien without penalty finds no support in the provisions of section 23 of the Workmen's Compensation Law. Decisions affirmed, with one bill of costs to the respondents. Herlihy, P. J., Greenblott, Simons, Kane and Reynolds, JJ., concur.