■ In the Matter of the Claim of JOSEPH WHITE, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the employer and its carrier from a decision of the Workers' Compensation Board, filed March 21, 1980, which affirmed a penalty imposed upon the carrier pursuant to section 25 (subd 3, par [c]) of the Workers' Compensation Law. While its employee's claim for compensation benefits was pending, the employer, New York City Housing Authority (hereafter Authority), continued paying the employee's full salary. An award was made payable to the Authority as a credit for the wages it had paid claimant during his period of disability. That determination was affirmed by the board in a decision filed April 25, 1979. However, the Authority was not reimbursed by its carrier, the State Insurance Fund, until May 25, 1979. The carrier's failure to pay the award within 10 days of the filing of the board's decision resulted in the assessment against it of a penalty, equal to 20% of the compensation awarded, pursuant to section 25 (subd 3, par [c]) of the Workers' Compensation Law. In our view, the board did not err when it affirmed that penalty. Section 25 (subd 3, par [c]) provides as follows: "If the employer or his insurance carrier shall fail to make payments of compensation according to the terms of the award within ten days thereafter, except in case of an application to the board for a modification, rescission or review of such award, there *shall* be imposed a penalty equal to twenty per cent of the unpaid compensation which shall accrue to the benefit of the injured workman or his dependents and shall be paid to him or them". (Emphasis added.) Once the board gives proper notice of its award, as was done here, this section becomes self-executing (see *Matter of Surdi v Premium Coal & Oil Co.,* 52 NY2d 860). Imposition of the penalty is decreed if an award is not paid within the allotted time. Since the award unmistakably directed the carrier to reimburse the Authority and the carrier concededly neglected to do so timely, the penalty was unavoidable. The carrier's contention, that reimbursing the employer for wages previously paid the claimant does not constitute the payment of compensation within the purview of this statute and that, therefore, tardy reimbursement can be made with impunity, runs counter to

the recognized concept that awards are to be promptly paid whether or not payment inures directly to the claimant (cf. *Matter of Insurance Co. of North Amer. v Senior,* 21 NY2d 761; *Matter of Sanchez v Union Carbide-Linde Corp.,* 39 AD2d 992, mot for lv to app den 31 NY2d 642). The thrust of the statute is to motivate payment. For this purpose the Authority, having already paid claimant, simply stands in the latter's shoes. Decision affirmed, with costs to the Workers' Compensation Board. Sweeney, J.P., Kane, Mikoll and Yesawich, Jr., JJ., concur.