■ In the Matter of the Claim of HAROLD VANDENBURG, Respondent, v SARATOGA HARNESS RACING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from an amended decision of the Workers' Compensation Board, filed October 9, 1985, which found the carrier in violation of 12 NYCRR 300.23 (b) and imposed a penalty.

Claimant sustained a compensable injury to his left knee on June 19, 1975. Throughout the ensuing years, claimant was attended by numerous medical doctors who performed numerous surgical procedures on his knee and recommended a multitude of corrective and rehabilitative practices to alleviate his disability. None were entirely successful. Without waiting for an award by the Workers' Compensation Board, the carrier made payments of benefits to claimant beginning June 25, 1976. On April 14, 1981, claimant was classified as permanently partially disabled and payments continued during the long and involved history of this case, which is not relevant to the issues presented on this appeal, until February 1, 1982, when the carrier unilaterally determined that the payments of benefits should be stopped. This decision stemmed from a letter to the Board by one of claimant's physicians, dated February 8, 1982, who, in returning claimant to the care of his attending physician after surgery, stated that claimant "could return to normal activity as soon as possible

without any expectation of further problem" and that "I think that he should be able to return to work in the immediate future without any danger to himself or others". Subsequent hearings determined that claimant's disability was continuous and payments were directed to be resumed on December 14, 1983 with an award for back payments due. The issue on this appeal is whether the Board is correct in finding the carrier in violation of rule C-22b (12 NYCRR 300.23 [b]) and imposing a penalty.

Under the provisions of the present rule, the continuation of payments of benefits pursuant to an award for temporary or permanent disability is mandatory until (1) the appropriate notice of intention to suspend payments is filed with the Board *and* (2) there is a determination *after a hearing* in favor of the carrier's position (12 NYCRR 300.23 [b]). The carrier may not unilaterally suspend payments. The only exception provided by the rule requires legal proof of claimant's return to work or medical evidence that claimant has no disability, both of which were lacking in this case (12 NYCRR 300.23 [b] [2]). Accordingly, the Board was correct in its determination of a violation of the rule by the carrier, and the imposition of the concomitant penalty was mandatory *(see,* Workers' Compensation Law § 25 [3] [c]; *Matter of Surdi v Premium Coal & Oil Co.,* 52 NY2d 860; *Matter of White v New York City Hous. Auth.,* 83 AD2d 707).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.