■ In the Matter of the Claim of PETER KESER, Respondent, v NEW YORK STATE ELMIRA PSYCHIATRIC CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [662 NYS2d 627] —White, J. Appeal from a decision of the Workers' Compensation Board, filed April 23, 1996, which imposed a penalty against the employer's workers' compensation insurance carrier.

In October 1991, claimant, an employee of Elmira Psychiatric Center (hereinafter the employer), a State facility in Chemung County, made a claim for work-related high blood pressure which contributed to his diagnosis of subacute type

III aortic dissection. The claim was controverted by the employer and its workers' compensation insurance carrier, the State Insurance Fund (hereinafter the carrier), but claimant used his accrued leave time which enabled him to receive full wages during his disability, pursuant to a labor agreement between the State and claimant's labor union.

By decision filed November 6, 1992, a Workers' Compensation Law Judge found occupational disease, notice and causal relationship, and claimant was awarded benefits for a partial disability. The carrier was directed to credit the State for the wages paid to claimant during his disability; however, the State was not credited until December 18, 1992.

Because the carrier failed to credit the State within 10 days of the November 6, 1992 decision, a second Workers' Compensation Law Judge subsequently imposed a penalty of $3,836, representing 20% of the compensation awarded (see, Workers' Compensation Law § 25 [3] [f]). The carrier appealed to the Workers' Compensation Board to rescind the penalty and argued that the penalty was inappropriate because "the transaction is a credit to New York State and merely a bookkeeping transaction without an actual transfer of funds between parties" and because "there was no payment of an award by [the] carrier to another party". The Board affirmed the penalty by decision filed March 2, 1994. The employer and carrier now appeal from the Board's subsequent decision filed April 23, 1996 which modified its March 2, 1994 decision on grounds which are not relevant here, but which otherwise affirmed the imposition of the penalty.

The relevant provision of the Workers' Compensation Law provides, in pertinent part, as follows: "If the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within ten days * * * there shall be imposed a penalty equal to twenty percent of the unpaid compensation which shall be paid to the injured worker or his or her dependents" (Workers' Compensation Law § 25 [3] [f]). This provision is self-executing once proper notice of the award is given by the Board, as was accomplished here (see, Matter of Surdi v Premium Coal & Oil Co., 52 NY2d 860; Matter of White v New York City Hous. Auth., 83 AD2d 707). In this case, the terms of the award required the carrier to reimburse the State for wages paid to claimant during his disability which the carrier failed to do within the statutory time period. The carrier argues, however, that Workers' Compensation Law § 25 (3) (f) applies only to cases where the carrier fails to make a timely payment of compensation pursuant to the terms of the

award and, since the award in this case was merely a credit to the State and not payable to claimant or any other party, it did not constitute a payment of compensation and thus was not governed by the penalty provision.

We find this argument unpersuasive and agree with the Board that "the fact that the total due constituted the claimant's award of compensation benefits and the fact that those benefits were payable to parties other than the claimant * * * does not change the nature of the award as compensation or the carrier's obligation to pay the award within ten days". This Court rejected a similar argument under analogous circumstances in *Matter of White v New York City Hous. Auth. (supra)* and we find no reason to depart from that holding. Moreover, in our view, to excuse the carrier from its untimely payment of the award under these circumstances would be to ignore the underlying purpose for which the penalty provisions of Workers' Compensation Law § 25 were enacted, i.e., to motivate prompt payment of awards *(see, id.,* at 708).

Finally, we do not agree that the Board's decision should be reversed on the ground that it is inexplicably inconsistent with prior Board decisions. We find that the Board's reliance on *Matter of White v New York City Hous. Auth. (supra)* adequately explains why it departed from its decisions in prior cases and its direction that the penalty is payable to claimant was proper *(see, Matter of Deas v New York City Hous. Auth.,* 74 NY2d 914).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.