OPINION OF THE COURT
Ciparick, J.
 Do the late payment penalty provisions of Workers’ Compensation Law § 25 (3) (f) apply to reimbursements untimely made by an employer’s compensation carrier for wages paid during a period of employee disability, and, if so, do they apply where the reimbursement is made in a form other than monetary payment to the employee? We answer both questions in the affirmative and therefore affirm the Appellate Division order upholding the award to claimant Peter Keser of a 20% penalty imposed upon appellant State Insurance Fund (the carrier) for late reimbursement to claimant’s employer, the New York State Elmira Psychiatric Center.
Claimant served as Deputy Director of Administration at the Elmira Psychiatric Center. In October 1991, he suffered a subacute aortic dissection due to job-related high blood pressure. Claimant consequently submitted a claim for workers’ compensation benefits, which the carrier contested. Pending resolution of his claim by the Workers’ Compensation Board, and pursuant to an agreement between employer and claimant’s union, employer paid claimant’s wages by permitting him to charge his absences from work against his accrued leave time, thus creating a lien on any potential award.
The Workers’ Compensation Law Judge (WCLJ), in a decision filed November 6, 1992, found claimant to be partially disabled, and directed the carrier to credit employer for wages *103 paid to claimant from October 1991 to October 1992. The carrier did not reimburse employer, however, until December 18, 1992, 42 days after the filing of the award. In a decision filed November 12, 1993, the WCLJ assessed a 20% penalty against the carrier, pursuant to Workers’ Compensation Law § 25 (3) (f), for late payment of the award. The carrier sought review before the Board. The Board affirmed the award and the penalty assessed against the carrier. In so ruling, it noted that the fact that the award was payable to a party other than claimant, due to liens, did not change the nature of the award from compensation to be timely paid pursuant to Workers’ Compensation Law § 25 (3) (f). The carrier appealed. The Appellate Division affirmed the Board’s decision (243 AD2d 783), noting additionally that any departure by the Board from its prior decisions holding similar awards not to be compensation was justified by its reliance on Matter of White v New York City Hous. Auth. (83 AD2d 707). This Court granted the carrier leave to appeal, and we now affirm.
I.
Workers’ Compensation Law § 25 (3) (f) provides, in pertinent part:
“If the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within ten days * * * there shall be imposed a penalty equal to twenty percent of the unpaid compensation which shall be paid to the injured worker or his or her dependents”.
Workers’ Compensation Law § 2 (6) defines “compensation” as “the money allowance payable to an employee or to his dependents as provided for in this chapter [.]”
Appellant argues that a plain-meaning reading of these two statutes together indicates that an award dispensed in the form of a reimbursement to an employer as credit for wages paid does not constitute “payment [ ] of compensation” within the meaning of the late payment penalty provisions of Workers’ Compensation Law § 25 (3) (f). We disagree.
We conclude, like the Board and the Appellate Division, that for purposes of Workers’ Compensation Law § 25 (3) (f)’s late payment provisions, no distinction should be made between awards payable directly to claimants and awards payable to an employer as reimbursement for wages paid to its employee during a period of disability (see, Matter of White v New York City Hous. Auth., 83 AD2d 707, supra).
*104 Contrary to appellant’s assertions, neither Workers’ Compensation Law § 25 (3) (f) nor Workers’ Compensation Law § 2 (6) provides that “compensation” includes only workers’ compensation benefits paid directly to the employee. Section 25 (3) (f) directs that a 20% late payment penalty must be imposed whenever the employer or carrier fails to make “payments of compensation according to the terms of the award within ten days” (emphasis added). In determining whether a penalty should be assessed for late payment, the court must look therefore to the terms of the award, and not merely to whether the employee has received payment (see, Matter of White v New York City Hous. Auth., 83 AD2d 707, supra; see also, Matter of Surdi v Premium Coal & Oil Co., 52 NY2d 860, revg for reasons stated by dissent 71 AD2d 964, 965 [late payment penalty should be calculated on the whole of the settlement amount, rather than merely on that portion which would have been late under an installment payment arrangement]).
Indeed, in Matter of Deas v New York City Hous. Auth. (74 NY2d 914), in a factual scenario practically identical to that presented in the case at bar, we held that a Workers’ Compensation Law § 25 (3) (f)[1] late payment penalty assessed against the carrier was properly payable to the claimant, rather than, as the carrier had urged, to the employer. Because the carrier conceded its obligation to pay the penalty, however, we expressly left open the question of whether the penalty itself had been correctly assessed (see, Matter of Deas v New York City Hous. Auth., 74 NY2d 914, supra).[2]
II.
Similarly, Workers’ Compensation Law § 2 (6) defines “compensation” as money allowances “payable to an employee” (emphasis added), not monies to be paid to an employee. The *105 Legislature in choosing the word “payable” rather than “paid” must have intended for the term “compensation” to have a broader meaning than merely monies received by or paid to an employee. Courts accordingly have generally construed “compensation” broadly to encompass more than payments directly to employees, including benefits paid to others due to liens, without changing the nature of the award as “compensation” (see, Matter of Insurance Co. v Senior, 21 NY2d 761, revg for reasons stated by dissent 27 AD2d 24 [“compensation” included not only payments of benefits from carriers directly to claimants, but also reimbursement payments made among workers’ compensation insurance carriers]; Matter of Dickman v City of New York, 25 AD2d 931, affd without opn 18 NY2d 969 [attorney liens on “compensation awarded” properly attached to compensation benefits awarded to claimant but actually credited to employer as reimbursement]).
We conclude that a liberal construction of Workers’ Compensation Law § 25 (3) (f) and § 2 (6) better advances the public policy in favor of prompt payment of workers’ compensation benefits to injured employees. The statute applies to “late payment of award[s]” (Workers’ Compensation Law § 25 [3]), and the uniform assessment of penalties in all cases of late payment will ultimately benefit employees by deterring carriers from delaying award payments.
Moreover, it cannot be said that a claimant who suffers no delay in the payment of wages will thus suffer no detriment at all from the late reimbursement of the employer for those wages. The employee who has received wages during a period of disability by drawing upon accrued sick leave may not have these sick leave credits restored until the employer has been reimbursed (see, Matter of Dickman v City of New York, supra, 25 AD2d, at 932), and may suffer adverse consequences as a result. The prompt payment of all workers’ compensation awards, including awards directing reimbursement of employer for wages paid during claimant’s disability, and/or the timely crediting of accrued leave time, as applicable in a particular case, will avoid potential harm to the employee.
In the instant case, both the carrier and the employer are State agencies, and the reimbursement is in the form of an accounting credit, rather than an actual transfer of monies. This does not alter the need to uniformly enforce the penalty provisions. The focus of the penalty inquiry is on whether there has been timely compliance with the terms of the award, as opposed to the mechanics of payment. Thus, the Court in Dick- *106 man (supra) held that there is no requirement of an actual payment to have taken place in determining whether a claimant’s attorney may attach a lien to a given award. The fact that the award was effected by a bookkeeping procedure (as between State agencies) did not alter the attorney’s right to attach a lien on the award for his services.
Here the carrier did not reimburse employer until 42 days after the filing of the award directing reimbursement, well in excess of the 10 days allowed under Workers’ Compensation Law § 25 (3) (f). Section 25 (3) (f)’s penalty provisions are self-executing, and the penalty is mandatory and automatic if the award is not timely paid (see, Matter of Surdi v Premium Coal & Oil Co., 52 NY2d 860, supra). “Since the award unmistakably directed the carrier to reimburse the [employer] and the carrier concededly neglected to do so timely, the penalty was unavoidable” (Matter of White v New York City Hous. Auth., supra, 83 AD2d, at 707). Thus we conclude that the Appellate Division correctly upheld the Board’s assessment of a 20% penalty imposed upon the carrier and payable to the claimant.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur.
Order affirmed, with costs.

. Deas was decided pursuant to Workers’ Compensation Law § 25 (3) (c), which has since been redesignated as section 25 (3) (f).

. Matter of Usherson v Greeley Mills (7 AD2d 809, affd without opn 7 NY2d 778), relied on by the carrier, centered on construction of the phrase ‘last payment of compensation” under the Special Disability Fund provisions of Workers’ Compensation Law § 25-a (1). That statute’s purpose, to save employers and carriers from liability for “stale” claims of injured employees, was best served by a narrow interpretation of the term “compensation.” In Usherson, it was thus correct for the Court to measure restrictively from the last date upon which claimant had actually been paid (see, Workers’ Compensation Law § 25-a [7]). Such a restrictive interpretation, however, while appropriate in the narrow context of the Special Disability Fund, is not workable in the context of Workers’ Compensation Law § 25 (3) (f).