■ In the Matter of the Claim of CHERILYN (SCUDDER) VOORHEES, Respondent, v WAL-MART et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 857] —Appeal from a decision of the Workers' Compensation Board, filed October 24, 2001, which assessed a penalty for late payment of workers' compensation benefits.

Claimant suffered work-related injuries in 1995, and the workers' compensation carrier began paying workers' compensation benefits to claimant before a benefit award had been made. However, the employer's workers' compensation carrier miscalculated the amount of claimant's benefits, resulting in an overpayment to claimant in excess of $12,000. In May 1998, a Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant ongoing weekly benefits of $87.84. The WCLJ determined that claimant was not responsible for the overpayment, denied the carrier's request to immediately credit

the entire overpayment against claimant's future benefits, and instead authorized the carrier to recoup the overpayment at a rate of $20 per week. Upon review, a panel of the Workers' Compensation Board affirmed recoupment at this rate. After the carrier failed to make payments as ordered, the WCLJ determined that the carrier had failed to make timely payment of $11,804.16 as of May 24, 2001 and assessed a 20% penalty as required by Workers' Compensation Law § 25 (3) (f). A panel of the Board recalculated the carrier's late payments to be $7,324.20 as of July 17, 2001 and assessed a 20% penalty of $1,464.84.

On this appeal, the employer and carrier contend that an assessment of penalties for late payments is inequitable given the substantial overpayment to claimant in this matter. We disagree. The penalty provisions of Workers' Compensation Law § 25 (3) (f) are self-executing (*see Surdi v Premium Coal & Oil Co.*, 52 NY2d 860 [1981]; *White v New York City Hous. Auth.*, 83 AD2d 707, 707 [1981]) and advance a "public policy in favor of prompt payment of workers' compensation benefits to injured employees" since "the uniform assessment of penalties in *all* cases of late payment will ultimately benefit employees by deterring carriers from delaying award payments" (*Matter of Keser v New York State Elmira Psychiatric Ctr.*, 92 NY2d 100, 105 [1998]). Further, substantial evidence supports the Board's penalty determination and, inasmuch as the employer and carrier "concede" that they made late payments in the amount of $8,597.19, a figure that exceeds the Board's calculations, their claim that the resulting penalty was miscalculated is unavailing.

Spain, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.