Kane, J.
Appeal from a decision of the Workers’ Compensation Board, filed August 26, 2002, which assessed a penalty for late payment of a workers’ compensation award.
Pursuant to Workers’ Compensation Law § 32, claimant, the employer and the employer’s workers’ compensation carrier negotiated a proposed settlement agreement whereby claimant, in exchange for $54,000, agreed to waive all future rights to workers’ compensation benefits in connection with a back injury he sustained in the course of his employment. Following formal approval of the settlement on December 20, 2001, the carrier mailed claimant a settlement check on December 26, 2001. However, the carrier inadvertently sent the check to an incorrect mailing address, causing the check to be returned on or about January 3, 2002. On January 7, 2002, the carrier sent claimant a second check, this time to the correct mailing address, which claimant received on January 8, 2002. Based on the carrier’s failure to pay the settlement award in a timely fashion, claimant requested that penalties be assessed. Follow *782 ing a hearing, a Workers’ Compensation Law Judge granted claimant’s request and imposed a penalty of $10,800—or 20% of claimant’s $54,000 settlement award—as required by Workers’ Compensation Law § 25 (3) (f). The Workers’ Compensation Board affirmed and the employer and carrier (hereinafter collectively referred to as the carrier) appeal.
The penalty provisions of Workers’ Compensation Law § 25 (3) (f) “are self-executing, and the penalty is mandatory and automatic if the award is not timely paid” (Matter of Keser v New York State Elmira Psychiatric Ctr., 92 NY2d 100, 106 [1998]; see Matter of Voorhees v Wal-Mart, 305 AD2d 893, 893 [2003]). Public policy considerations necessitate such a liberal construction since “ ‘the uniform assessment of penalties in all cases of late payment will ultimately benefit employees by deterring carriers from delaying award payments’ ” (Matter of Voorhees v Wal-Mart, supra at 894 [emphasis in original], quoting Matter of Keser v New York State Elmira Psychiatric Ctr., supra at 105). Here, the undisputed facts demonstrate that the carrier did not send claimant’s settlement award to the correct mailing address until 18 days after the settlement approval was filed, well beyond the 10 days permitted under Workers’ Compensation Law § 25 (3) (f). Notably, this delay was wholly attributable to the carrier since claimant’s correct address was set forth in a November 2001 notice of hearing and the notice of approval of the settlement agreement. In fact, the carrier itself mailed claimant’s weekly compensation payments to the correct address, listed the correct address on a C-8 notice and entered the correct address in one of its databases. Under these circumstances, we find no reason to disturb the Board’s penalty assessment.
Nor are we persuaded by the carrier’s contention that the Board erred in failing to adhere to prior precedent or to explain a departure therefrom. In the case relied upon by the carrier, Matter of Krug’s Glazing Servs. (1998 WL 707503 [WCB No. 8951 2610, Sept. 16, 1998]), the Board declined to assess a penalty against a carrier since, although the claimant’s award had been sent to an incorrect address, the claimant had submitted that incorrect address to the employer and carrier. Here, however, the carrier mailed the settlement award incorrectly despite the fact that claimant furnished an accurate address to all interested parties. Accordingly, given the factual dissimilarity between this case and the case cited by the carrier, we reject the carrier’s contention that the Board’s decision must be reversed based on its failure to follow precedent or explain a departure therefrom (see Matter of Johnson v Onondaga Heating & A.C., *783 301 AD2d 903, 905-906 [2003]; Matter of De La Concha v Fordham Univ., 292 AD2d 662, 664 [2002]).
Spain and Rose, JJ., concur.