■ In the Matter of the Claim of LORI SCHELL, Appellant, v SEAL RIGHT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [772 NYS2d 888]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 29, 2001, which rescinded a penalty previously imposed upon the employer's workers' compensation carrier pursuant to Workers' Compensation Law § 25 (3) (f).

Claimant was injured in April 1993 in the course of her employment. Accident, notice and causal relationship were established. Following litigation and numerous hearings, the Workers' Compensation Board memorialized, in a decision dated August 18, 1997, the parties' stipulation that compensation would be at the rate of $225 per week for the physical portion of claimant's compensable disability. By Board decision filed August 9, 2000, a prior decision of the Workers' Compensation Law Judge (hereinafter WCLJ) dated July 25, 1994[1] was affirmed, establishing that claimant had incurred a consequential psychiatric condition pertaining to her 1993 compensable physi-

1. The August 9, 2000 decision references the WCLJ's decision *filed* July 26, 1994.

cal disability claim. In the July 1994 decision, payment was set at the rate of $358.73 per week.

At a hearing before the WCLJ in January 2001, it was found that after the issuance of the Board's August 9, 2000 determination, the workers' compensation carrier had an obligation to pay a higher rate on a retroactive basis and failed to do so. As a result of such failure to timely pay that award, the WCLJ found a penalty owed by the carrier pursuant to Workers' Compensation Law § 25 (3) (f). The Board thereafter reversed that finding upon a lack of sufficient evidence.

Claimant appeals and we reverse. It is well established that "[t]he penalty provisions of Workers' Compensation Law § 25 (3) (f) are self-executing" (*Matter of Voorhees v Wal-Mart*, 305 AD2d 893, 894 [2003]; *see Matter of Keser v New York State Elmira Psychiatric Ctr.*, 92 NY2d 100, 106 [1998]; *Matter of Surdi v Premium Coal & Oil Co.*, 52 NY2d 860, 861 [1981]); "the penalty is mandatory and automatic if the award is not timely paid" (*Matter of Keser v New York State Elmira Psychiatric Ctr., supra* at 106). The purpose is to serve "the uniform assessment of penalties in *all* [underlying] cases of late payment . . . [to] ultimately benefit employees by deterring carriers from delaying award payments" (*id.* at 105; *see Matter of Voorhees v Wal-Mart, supra* at 894). Here, there is no substantial evidence supporting the Board's reversal of the penalty determination. The penalty was not awarded for a total lack of payment; it was awarded for the carrier's failure to have paid the higher rate established in the July 25, 1994 determination retroactively along with the higher rate from August 9, 2000 onward once that determination was rendered. The carrier's form C-8, dated June 22, 2000, confirms that claimant continued to be paid at the lower rate from December 1, 1993 onward.[2]

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

**2.** We reject any confusion occasioned by the carrier regarding the effect to be given to the parties' August 8, 1997 stipulation since such stipulation clearly pertained only to the physical portion of claimant's disability and not the disputed psychiatric claim.