■ In the Matter of the Claim of DONALD DEICH, Respondent, v CITY OF WHITE PLAINS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [785 NYS2d 139]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed September 8, 2003, which ruled that the employer is directed to pay claimant $4,080 plus penalties pursuant to Workers' Compensation Law § 25 (3) (f).

Claimant injured his right shoulder in a work-related accident and received workers' compensation benefits, including $4,080 from July 1998 to September 1998. Thereafter, the parties stipulated that claimant suffered a 20% schedule loss of use of the right arm, resulting in a total award of $24,960. The parties also agreed that approximately $12,600 of that award would reimburse the employer for payments to claimant. No mention, however, was made of the $4,080 that also had been paid to claimant. The agreement was incorporated into a December 10, 2001 Workers' Compensation Law Judge decision.

Subsequently, the employer subtracted the $4,080 from the total due claimant and paid him approximately $7,000. After a hearing requested by claimant, a Workers' Compensation Law Judge found that because both parties agreed that payments had been made in accordance with prior awards and that no underpayment had occurred, claimant would have to move to

reopen the matter with the Workers' Compensation Board. Upon claimant's appeal, the Board reversed, determining that claimant and the employer had never agreed to an additional credit and that the employer was required to pay claimant the $4,080 plus a 20% penalty (*see* Workers' Compensation Law § 25 [3] [f]). The employer appeals.

We affirm. The employer did not timely appeal from the December 2001 decision incorporating the terms of the parties' agreement and, given the absence of any newly discovered evidence or other circumstances that would justify revisiting the issue, the decision is final and binding (*see* Workers' Compensation Law § 23; *Matter of Imbriani v Berkar Knitting Mills*, 277 AD2d 727, 730 [2000]). The December 2001 decision and underlying stipulation show that claimant believed that he would receive approximately $12,000 less counsel fees, and the employer gave no indication that it expected to reduce that figure by the amount of previous payments made to claimant. Accordingly, substantial evidence supports the Board's finding that the employer was required to pay claimant $12,360. Inasmuch as the 20% penalty under Workers' Compensation Law § 25 (3) (f) is both "mandatory and automatic if the award is not timely paid," the Board's decision to impose the penalty based upon the employer's failure to timely pay was also rational (*Matter of Keser v New York State Elmira Psychiatric Ctr.*, 92 NY2d 100, 106 [1998]; *see Matter of Schell v Seal Right*, 5 AD3d 877, 878 [2004]).

We have examined the employer's remaining contentions and find them to be either unpreserved for our review or without merit.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.