■ In the Matter of the Claim of ALAN MICKENS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [821 NYS2d 676]—

Appeals (1) from a decision of the Workers' Compensation Board, filed March 31, 2004, which, inter alia, awarded workers' compensation benefits, and (2) from a decision of said Board, filed August 10, 2004, which denied claimant's application for reconsideration and/or full Board review.

Claimant suffered injuries in a work-related accident in 1993 and thereafter filed a claim for workers' compensation benefits. Claimant received benefits at various rates over the next several years. In 2003, claimant and the employer entered into a stipulation agreement which, among other things, increased the amount of the weekly awards paid to claimant from September 1994 to November 2001 and set the amount of his future weekly awards. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) approved the stipulation and entered a decision incorporating it. The decision also awarded counsel fees in the amount of $7,250. Upon claimant's appeal to the Workers' Compensation Board, the decision was upheld, prompting him to take this appeal arguing that the stipulation was not valid, he was not adequately represented throughout the proceedings and the amount of the counsel fees awarded was excessive. Claimant also appeals from the Board's decision denying his request for reconsideration and/or full Board review.

A stipulation of facts or proposed findings is binding upon the parties where, as here, a WCLJ approves it after verifying through questioning that each party has been advised of the legal effect of the agreement and has signed it voluntarily (see 12 NYCRR 300.5 [b]; see also Matter of Dukes v Capitol Formation, 213 AD2d 756, 757 [1995], lv dismissed 86 NY2d 810 [1995], appeal dismissed 87 NY2d 891 [1995]). In light of claimant's documented psychological impairments, we observe that the WCLJ took the additional step of ensuring that claimant's cousin had discussed the stipulation with claimant and agreed to it. The record reflects that claimant was represented by competent counsel who worked diligently for him for at least three years, participated in several hearings and ultimately settled the matter. Inasmuch as the Board is vested with broad discretion in approving counsel fees and the

challenged decision indicates that the Board considered the quality and nature of counsel's representation in upholding the award, we will not disturb it (*see Matter of Pavone v Ambassador Transp., Inc.*, 26 AD3d 645, 646-647 [2006]; *Matter of Donhauser v McLane Northeast*, 304 AD2d 1017, 1018 [2003], *lv denied* 100 NY2d 514 [2003]). Finally, there being no evidence of any fraud, collusion, mistake or other good cause why the Board should reconsider or conduct a full Board review of the decision, the Board's denial of claimant's request for such action was not an abuse of discretion (*see Matter of Dukes v Capitol Formation, supra* at 757).

Cardona, P.J., Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.