Malone Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed May 16, 2007, which ruled that the employer’s workers’ compensation carrier improperly suspended claimant’s workers’ compensation benefits and imposed a penalty.
Claimant established a work-related injury to her hand and began receiving workers’ compensation benefits in 2003. In April 2006, the employer’s workers’ compensation carrier suspended payments and, in October 2006, the carrier filed a request for further action seeking an immediate hearing and that the benefits be suspended. Following a hearing, at which claimant alleged that the carrier violated the procedures required to suspend benefit payments set forth in 12 NYCRR 300.23 (b), the Workers’ Compensation Law Judge found that the carrier had improperly suspended benefits and directed the carrier to pay benefits for the period from April 17, 2006 to *914 November 16, 2006, and imposed a penalty. The Workers’ Compensation Board affirmed that determination, prompting this appeal.
12 NYCRR 300.23 (b) (1) provides that in an open case where a continuation of payments has been directed, payments may not be suspended or reduced until “there is filed ... a notice of intention to suspend or reduce on a prescribed form accompanied by supporting evidence justifying such suspension or reduction.” Here, the carrier does not contest that it failed to follow the required procedures, but argues that it was justified in suspending claimant’s benefits based upon the exception provided by the rule that a carrier may suspend payments “where the claimant’s medical evidence indicates that the claimant has no disability” (12 NYCRR 300.23 [b] [2]).
To that end, the carrier relies on a physician’s C-4 report prepared in November 2003. On that preprinted form the physician indicated that claimant was working at that time and that she was not disabled from her regular work duties. However, the accompanying narrative of the examination, which was written by a different physician, contains no support for these findings. To the contrary, the narrative indicates that claimant was still suffering from causally related reflex sympathetic dystrophy at that time. Furthermore, the carrier’s independent medical examiner indicated in January 2004 that claimant was still partially disabled and remained out of work. While the carrier also contends that claimant’s failure to file progress reports citing a continued disability is evidence of no disability, there is nothing in the record, other than the 2003 C-4 report, indicating that claimant was no longer disabled in April 2006 when the carrier suspended her benefits.
According the Board the appropriate deference in its resolution of conflicting evidence (see Matter of Guifarro v Zalman, Reiss & Assoc., 52 AD3d 1126, 1127 [2008]), we find that the Board’s determination, that the evidence relied on by the carrier in suspending payments did not indicate that claimant was no longer disabled so as to trigger the exception contained in 12 NYCRR 300.23 (b) (2), to be supported by substantial evidence and it will not be disturbed (see Matter of Vandenburg v Saratoga Harness Racing, 125 AD2d 802, 803 [1986]). Finally, as the penalty for failing to make a timely payment of awarded benefits pursuant to Workers’ Compensation Law § 25 (3) (f) is mandatory and self-executing (see Matter of Deich v City of White Plains, 12 AD3d 928, 929 [2004]; Matter of Schell v Right, 5 AD3d 877, 878 [2004]), we find, under these circumstances, that the penalty was properly imposed.
*915 Mercure, J.P, Peters, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.