■ In the Matter of the Claim of FERNELLA ASKA, Respondent, v UNITED JEWISH APPEAL et al., Appellants. WORKERS' COMPENSTAION BOARD, Respondent. [969 NYS2d 594]—

Spain, J. Appeals (1) from a decision of the Workers' Compensation Board, filed December 20, 2011, which ruled that the employer's workers' compensation carrier is directed to pay claimant certain benefits plus penalties pursuant to Workers' Compensation Law § 25 (3) (f), and (2) from a decision of said Board, filed April 23, 2012, which denied the carrier's request for reconsideration and/or full Board review.

In 2005, claimant was injured in a work-related accident and was awarded workers' compensation benefits. Claimant thereafter commenced a third-party action, which was settled with the

---

consent of the employer's workers' compensation carrier in 2008. In February 2010, claimant and the employer entered into a stipulation that was incorporated into a decision of the Workers' Compensation Law Judge providing that claimant suffered a 29% schedule loss of use of her left foot. The resulting total award was $16,886.17, with a $4,211.06 credit to the carrier for claimant's third-party recovery and $3,298 reimbursement to the disability benefits carrier. The remainder, less counsel fees, was to be paid by the carrier directly to claimant. The carrier failed to make timely payment of the total due claimant and, after a hearing, the Workers' Compensation Law Judge determined that claimant was owed $7,977.11 plus a penalty in the amount of $1,595.42. Upon review, the Workers' Compensation Board affirmed. The carrier's subsequent request for reconsideration and/or full Board review was denied. The employer and carrier (hereinafter collectively referred to as the carrier) appeal from both decisions.

The carrier does not dispute the application of a 20% penalty based upon its late payment of the award to claimant pursuant to Workers' Compensation Law § 25 (3) (f) (*see Matter of Malone v Bernhardt Paving*, 2 NY3d 756, 757 [2004]; *Matter of Keser v New York State Elmira Psychiatric Ctr.*, 92 NY2d 100, 103 [1998]). However, the carrier maintains that it was entitled to take a credit against the award for prior payments of benefits. It is clear from the binding stipulation and Workers' Compensation Law Judge decision of February 2010 that, after the credits and reimbursements specified, claimant was to receive $9,377.11, less counsel fees of $1,400, for a total of $7,977.11 (*see Matter of Mickens v New York City Tr. Auth.*, 32 AD3d 1128, 1129 [2006]; 12 NYCRR 300.5 [b] [2]). There is nothing in the stipulation or, indeed, the record indicating that the parties expected—or had any reasonable grounds to expect—that claimant's award would be further reduced by the amount of these prior payments of compensation. Moreover, as the Board noted, the carrier was reimbursed for its prior payments of compensation from claimant's third-party recovery, satisfying the carrier's lien and "erasing these payments." Accordingly, we find that substantial evidence supports the Board's decision (*see Matter of Deich v City of White Plains*, 12 AD3d 928, 929 [2004]; *Employer: Yeshia Univ.*, 2006 WL 3336904, *3, 2006 NY Wrk Comp LEXIS 9588, *6-7 [WCB No. 0051 6928, Oct. 26, 2006]). Inasmuch as the underlying decision is supported by substantial evidence, we also conclude that the Board's denial of the request for reconsideration and/or full Board review was not arbitrary and capricious or otherwise an abuse of discretion (*see Matter of Washburn v Bob Hooey Constr. Co.*, 39 AD3d 956, 958

[2007]; *Matter of Cagle v Judge Motor Corp.*, 31 AD3d 1016, 1018 [2006], *lv dismissed* 7 NY3d 922 [2006]).

Rose, J.P., Stein and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.