*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    520643
_____

In the Matter of the Claim of
    RUTH A. GALUSKI,
                    Appellant,

         v                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF
    MILITARY AND NAVAL AFFAIRS
    et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Law Firm of Alex Dell, PLLC, Albany (Courtney E. Holbrook
of counsel), for appellant.

        William O'Brien, State Insurance Fund, Albany (Thomas A.
Phillips of counsel), for New York State Division of Military and
Naval Affairs and another, respondents.

_____

Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed May 5, 2014, which declined to impose a penalty upon the
employer pursuant to Workers' Compensation Law § 25 (3) (f).

        Claimant sustained a work-related back injury on November
29, 2011 and was out of work from December 5, 2011 until January
3, 2012.  During this time, she received her full wages, as she

had accumulated enough leave credits to cover the entirety of her absence.  Claimant also applied for workers' compensation benefits, and a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision in March 2012, which granted her application, awarded her compensation and directed her employer's insurance carrier to reimburse the employer for wages it had paid to claimant during her injury-related lost time from work.  The carrier timely reimbursed the employer within 10 days of the WCLJ's decision, but the employer failed to restore claimant's accrued leave credits until February 2013.  Arguing that the employer's restoration of leave credits was untimely pursuant to Workers' Compensation Law § 25 (3) (f), claimant sought imposition of a penalty.  After a hearing, the WCLJ declined to impose a penalty, and a panel of the Workers' Compensation Board upheld that decision.  Claimant now appeals.

We cannot agree with claimant's contention that the Court of Appeals' holding in Matter of Keser v New York State Elmira Psychiatric Ctr. (92 NY2d 100 [1998]) requires reversal of the Board's decision.  Initially, Workers' Compensation Law § 25 (3) (f) provides, in relevant part, that, "[i]f the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within [10] days . . ., there shall be imposed a penalty equal to twenty percent of the unpaid compensation."  It is true, as claimant argues, that, in Matter of Keser, the Court interpreted "the term 'compensation' to have a broader meaning than merely monies received by or paid to an employee" (id. at 105).  However, the Court utilized this interpretation to conclude only that monetary reimbursements in the form of credits made by an insurance carrier to an employer — not the subsequent restoration of leave time by an employer to an employee — qualify as "compensation" that must be timely remitted, and, even then, only if the terms of the award require such reimbursement (id. at 105-106).  Indeed, as the Court stated, "[t]he focus of the penalty inquiry is on whether there has been timely compliance with the terms of the award, as opposed to the mechanics of payment" (id. at 105).

Here, the terms of the WCLJ's initial award provide for claimant's direct compensation, which was paid in advance by the employer when claimant received her full wages, as well as an

express requirement that the carrier reimburse the employer for the wages it had paid to claimant.  The award makes no mention, however, of any obligation on the employer's part to timely restore claimant's accrued sick leave.  Thus, because restoration of leave time was not included in the terms of the award, we must conclude that the Board properly upheld the WCLJ's decision and declined to impose a penalty against the employer.

Peters, P.J., Garry and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court