Matter of Juncal v Maspeth Remodeling Co. (2025 NY Slip Op 03230)

Matter of Juncal v Maspeth Remodeling Co.

2025 NY Slip Op 03230

Decided on May 29, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 29, 2025

CV-23-2242
[*1]In the Matter of the Claim of Miguel Juncal, Claimant,
v
Maspeth Remodeling Co. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:April 23, 2025

Before:Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ.

David F. Wertheim, State Insurance Fund, New York City (Rudolph Rosa Di Sant of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed November 7, 2023, which, among other things, denied a request by the employer and its workers' compensation carrier to retroactively reduce claimant's temporary disability benefit rate.
Claimant has an established claim for physical injuries suffered as a result of a fall at work in November 2021 and, by decision filed on July 13, 2022, he was awarded benefits at a temporary total disability rate from November 7, 2021 through July 13, 2022. In that decision, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) were ordered to continue making payments at that rate thereafter. Following an independent medical examination (hereinafter IME) by an orthopedic consultant for the carrier on August 31, 2022, the consultant opined that claimant had an orthopedic disability of 50%. Pursuant to 12 NYCRR 300.23 (b), the carrier filed an RFA-2 form (Request for Further Action by Carrier/Employer) seeking a reduction of claimant's weekly benefits to half of his temporary total disability rate previously awarded, effective as of the IME date. While that request was pending, claimant was evaluated by a psychiatrist who diagnosed him with causally-related moderate to severe psychiatric injuries.
At a hearing held on March 6, 2023 to address the carrier's request for a benefit reduction, claimant requested a finding regarding his consequential psychiatric injuries, which the carrier controverted, and the Workers Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence for those consequential injuries. With regard to the carrier's benefit reduction request, claimant argued that the prior July 2022 award directing ongoing benefits at the temporary total disability rate should be continued at that rate through the hearing date. The carrier argued that the initial benefit award should be retroactively reduced as of the August 2022 orthopedic IME and through the date of the hearing in March 2023. The parties agreed that, after the hearing, benefits would be paid at the tentative, reduced rate of 60% of the original award, pending further development of the record on claimant's degree of disability.
The WCLJ, among other things, found that claimant was entitled to ongoing benefits at the temporary total disability rate from the July 2022 award through the March 2023 hearing, and thereafter at the agreed-upon tentative rate. On appeal, the carrier contended that the benefit award should be reduced as of the date of the August 2022 orthopedic IME opinion. Alternatively, the carrier requested that, given that the hearing on its reduction request was not held within 20 days pursuant to 12 NYCRR 300.23 (b) (2), the reduction should be effective as of September 16, 2022, the date it filed its RFA-2. The Workers' Compensation Board affirmed the WCLJ's decision, holding that claimant's ongoing award for a temporary total disability should be [*2]paid up until, and only reduced as of, the March 2023 hearing. The carrier appeals.
We affirm. Pursuant to 12 NYCRR 300.23 (b), where the Board has made an award of compensation at a temporary total or partial disability rate and directed the continuation of payments at that rate, the carrier may not suspend or reduce said payments until (1) it has filed a notice of intention to suspend or reduce benefits (RFA-2) with the chair in the district office where the case is assigned, with supporting evidence, and (2) the chair "has scheduled a hearing . . . on the issue within 20 days . . . and there is a finding that such suspension or reduction is justified" (12 NYCRR 300.23 [b] [2] [emphasis added]; see Matter of Vandenburg v Saratoga Harness Racing, 125 AD2d 802, 803 [3d Dept 1986]; 111 NY Jur 2d, Workers' Compensation § 965). Although there are specified situations in which the carrier may, upon notice, unilaterally suspend or reduce temporary disability payments, such as where evidence reflects that a claimant has returned to work, is incarcerated or has no disability (see 12 NYCRR 300.23 [b] [3]; Matter of Laverghetta v Tug Edge Dairy, 56 AD3d 913, 914 [3d Dept 2008]), the carrier did not argue, and the Board did not find, that any of the exceptions applied. Thus, the disputed issue here is the consequence, if any, of the Board's failure to schedule a hearing within 20 days of receipt of the carrier's RFA-2 requesting a reduction in claimant's weekly temporary disability benefits. Stated differently, we evaluate whether the Board erred or abused its discretion in finding that claimant was entitled to ongoing temporary awards up until the day of the hearing, which took place more than 20 days after the carrier's RFA-2 was filed with the Board.
In denying the carrier's request to reduce claimant's award for the period prior to the March 2023 hearing, the Board noted that the initial decision in July 2022 determined that claimant was entitled to awards at a temporary total disability rate up until July 13, 2022 and continuing thereafter. Further, the Board found that the submission of an orthopedic IME opinion during that ongoing award period, "absent litigation, is not dispositive" and did not compel an automatic reduction in claimant's award prior to a hearing on the carrier's request for a reduction, at which all parties had an opportunity to address claimant's degree of disability and the reduction request.
With regard to the carrier's contention that the Board was required by the terms of 12 NYCRR 300.23 to reduce claimant's temporary award where, as here, a hearing was not scheduled and a determination made on its reduction request within the 20-day period, we disagree. By the clear terms of the regulation, where there is a direction for continuing temporary disability awards, a carrier may not suspend or reduce the award until the Board schedules a hearing upon receipt of the carrier's notice of its intention to suspend or reduce benefits [*3]with supporting evidence and a WCLJ makes "a finding that such suspension or reduction is justified" (12 NYCRR 300.23 [b] [2]). No such finding was made here prior to the March 2023 hearing. Moreover, the regulation does not provide or suggest that, in the absence of a hearing scheduled by the Board addressing the degree of disability, benefits must be reduced or suspended merely upon the passage of 20 days from the filing of the RFA-2; the regulation contains no mandatory language such as "shall" or "must" compelling a hearing within that time frame. Notably, the regulation provides that where there are no regularly scheduled hearings within 20 days, the Board "may" — not must — schedule a hearing "at another available hearing point" (12 NYCRR 300.23 [b] [2]).
Although the Board had previously interpreted this provision as requiring a hearing within 20 days of the filing of an RFA-2 and permitting a reduction in a claimant's benefits if a hearing were not timely held, the Board subsequently recognized that the provision does not mandate that a hearing be held within that time frame, although the Board strives to do so, nor that a claimant's benefits must be reduced or suspended after 20 days where a timely hearing is not held (see Employer: Matter of Transportation-Region 10, 2023 WL 7109310, *2-4, 2023 NY Wrk Comp LEXIS 6606, *3-5 [WCB No. G321 0006, Oct. 24, 2023]). The Board correctly determined that the 20-day time frame — "a time limit . . . imposed on [the Board] by its own regulation" — was directory or aspirational rather than mandatory (Matter of Dickinson v Daines, 15 NY3d 571, 575 [2010]). Consistent with the permissive language used in the regulation, the Board aptly recognized that it is not always feasible to hold a hearing in that time frame and, further, that suspending benefits due to the Board's failure or inability to hold a timely hearing could be unduly prejudicial to claimants and contrary to the remedial purpose of the Workers' Compensation Law (see Employer: Matter of Transportation-Region 10, 2023 WL 7109310 at *4, 2023 NY Wrk Comp LEXIS 6606 at *5; see also Burns v Robert Miller Constr., 55 NY2d 501, 508 [1982]).[FN1]
Thus, the Board properly held that, when a claimant is receiving continuing benefits at a temporary rate, 12 NYCRR 300.23 (b) (2) does not mandate that a hearing be held within 20 days or that a claimant's benefits be reduced or suspended after 20 days from the filing of a request to reduce or suspend benefits where a hearing has not been held within that time period. Accordingly, the Board's determination to award claimant ongoing benefits up until the hearing was not an abuse of discretion. The carrier's remaining contentions have been examined and found to be without merit.
Clark, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Board has emphasized that, to reduce prejudice to carriers, "the Board should make every effort to provide priority for the scheduling of hearings when the carrier seeks to reduce or suspend benefits pursuant to 12 NYCRR 300.23 (b) (2)" (Employer: Matter of Transportation-Region 10, 2023 WL 7109310 at *4, 2023 NY Wrk Comp LEXIS 6606 at *5).