■ In the Matter of the Claim of HERBERT REED, Respondent, against WILLIAM DANZ CONSTRUCTION COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board. The question presented on this appeal is whether the appellant carrier or the respondent Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law is chargeable with awards under claimant's reopened case. The board held the carrier liable and we agree. Claimant's injury occurred August 24, 1942. A schedule award was made on November 6, 1947 of $11,924.93. On February 17, 1953 the schedule award of 1947 was rescinded, the disability reclassified by the board, and a new award was made from

June 20, 1947 to February 16, 1953. The following month (March 20, 1953) the carrier filed with the board a report that it had made payment of compensation to February 16, 1953 and that there was an "overpayment" of $7,294.94. Both the "payment" and the "overpayment" were based on the schedule award of $11,924.93 made in 1947. The last actual payment of compensation made to claimant was in June, 1951. The case was again closed on November 22, 1955 and within three months thereafter, on February 2, 1956 claimant applied to reopen it. This was well beyond seven years from the date of injury and well beyond three years from the last payment of compensation directly to the claimant in 1951 (§ 25-a). The reopening in February, 1956 was, however, within three years of the date (Feb. 16, 1953) to which the new award of February 17, 1953 was made. The carrier was required to have paid that award on February 17, 1953 and it did so by claiming a credit on a previous overpayment. This claim of a credit, which in the proceedings before the Referee the carrier asked additionally be made the basis for reimbursement to it by the Special Fund for future payments to which it would have a credit on the unused part of the $11,924.93 paid to claimant, is a payment of compensation. If the credit had not existed the carrier would have been required to make payment to claimant on February 17, 1953, and it did so by claiming a credit on a previous overpayment. This claim of a credit, as well as the statement of "overpayment", is shown by the carrier's own report of March 20, 1953. We hold that the credit for an obligation thus offset is, as the board has determined, a "payment" within the statute. Decision unanimously affirmed, with costs to the Special Fund for Reopened Cases against appellants. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.