■ In the Matter of the Claim of JEAN ROSCOE, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed November 15, 1984.

Claimant was discharged from her position as a maintenance administrator with New York Telephone Company on March 10, 1982. She subsequently filed a claim pursuant to Workers' Compensation Law § 120 contending that her employer had discriminatorily discharged her in retaliation for her filing of two workers' compensation claims in 1981. The Workers' Compensation Law Judge held that the employer had not discriminated against claimant and a panel of the

Workers' Compensation Board affirmed that determination on November 15, 1984. Thereafter, on November 16, 1984 claimant requested full Board review of the claim. The Board denied the application on February 8, 1985 and claimant commenced the instant appeal on February 9, 1985. We now dismiss.

Claimant's November 16, 1984 request for full Board review establishes that she had received notification of the Board's determination as of that date. Accordingly, pursuant to the applicable statutory limitations period, notice of her appeal had to be filed within 30 days from that date, on December 16, 1984 (see, Workers' Compensation Law § 23). Claimant's request for full Board review of the determination did not toll the statutory time period (Minkowitz, Practice Commentary, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23 [1986 Supp], p 138). Accordingly, her February 9, 1985 notice of appeal was untimely.

Appeal dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.