*370
 
 OPINION OF THE COURT
 

 Rosenblatt, J.
 

 This appeal concerns the interpretation of several sections of the Workers’ Compensation Law and its administrative review procedures. A three-member panel of the Workers’ Compensation Board unanimously affirmed the decision of the Workers’ Compensation Law Judge (WCLJ) allowing compensation benefits to the claimant. During the pendency of the panel’s review, the employer’s obligation to pay the award was statutorily stayed by operation of Workers’ Compensation Law § 25 (3) (f). The issue before us is whether an employer, by filing for discretionary full Board review of the panel finding, gains a continuation of the stay of its obligation to pay the award. We hold that it does not.
 

 Facts and Procedural History
 

 In June 1993, claimant Betty Lou Lehsten filed for workers’ compensation benefits for an asserted on-the-job back injury. Her employer, respondent NACM-Upstate New York, and its insurance carrier, respondent Commercial Union Insurance Company (collectively “employer”), controverted the claim. On May 3, 1994, after a series of medical examinations and a hearing at which claimant testified, the WCLJ determined that claimant’s injury was work-related, entitling her to an award.
 

 On June 1, 1994, the employer filed an “Application for Board Review,” seeking rescission of the WCLJ’s decision (Workers’ Compensation Law § 23). Workers’ Compensation Law § 25 (3) (f) served to stay the employer’s obligation under the award— which it was otherwise required to pay, under pain of penalty, within 10 days after it received notice of the WCLJ’s decision.
 

 On June 28, 1994, claimant’s attorney filed a rebuttal to the employer’s application for Board review. The Board, acting through a three-member panel,
 
 [1]
 
 held a hearing on February 16, 1995 at which it considered the merits of the claim and the challenge. In a decision filed June 7, 1995, the panel unani
 
 *371
 
 mously affirmed the WCLJ’s decision establishing claimant’s entitlement to compensation benefits. On June 26, 1995, the employer filed a notice of appeal to the Appellate Division.
 

 The employer did not pay the award. Instead, on July 7, 1995, it filed an “Application for Full Board Review” of the panel’s June 7, 1995 decision. On the same day, claimant filed a “Request for Priority Hearing” before a WCLJ, and on September 18, 1995, pressed for the hearing because her employer was continuing to withhold payment while seeking further review.
 

 On October 13, 1995, a WCLJ conducted the priority hearing and, in a decision filed on October 17, 1995, ruled that the employer’s request for discretionary full Board review of the unanimous Board panel decision did not operate as an additional stay of the employer’s obligation to make payment. Accordingly, pursuant to Workers’ Compensation Law § 25 (3) (f), the WCLJ imposed on the employer the statutory 20% penalty for nonpayment. On November 16, 1995, still not having paid the award, the employer filed an “Application for Board Review” of the WCLJ’s priority hearing decision of October 17, 1995. Two months later, claimant’s attorney opposed the application, pointing out that 2V2 years had elapsed and the award was still unpaid. On March 14, 1996, the employer filed a “Supplemental Application for Board Review” in connection with the penalty, and claimant’s attorney submitted a rebuttal on April 1, 1996.
 

 In a decision filed June 17, 1996, the Board, again acting through a three-member panel, affirmed the priority hearing decision and penalty, which the employer immediately appealed to the Appellate Division. In a single order, the Appellate Division addressed both appeals. It sustained the June 7, 1995 decision as to the work-related benefits determination, but reversed the June 17, 1996 penalty decision. Claimant has appealed from so much of the Appellate Division order as reversed the June 17, 1996 decision imposing the penalty. We agree with the Board, and accordingly reverse and reinstate the June 17, 1996 decision imposing the penalty.
 

 The Controlling Statutes and Policy Considerations
 

 Several statutes, taken together, comprise the administrative review process. If an employer controverts a claim for
 
 *372
 
 workers’ compensation benefits and the matter cannot be resolved through conciliation (see, Workers’ Compensation Law § 25 [2-b]), a WCLJ conducts a hearing and renders a decision (see, Workers’ Compensation Law § 150 [b]; 12 NYCRR 300.4, 300.5, 300.9). After that there is a format for review, payment, and penalties (see, Workers’ Compensation Law §§ 23, 25 [3] [f]; 12 NYCRR 300.1 [a] [5]; 300.6, 300.13).
 

 The statutory design of Workers’ Compensation Law § 23 plainly contemplates a two-level administrative process, as of right, in which a case goes from the WCLJ to administrative review at the Board level, and from there to the Appellate Division.
 
 [2]
 
 Workers’ Compensation Law § 23 does contemplate a potential third step, that of full Board review of a panel decision, as of right, but only when a panel member dissents. Full Board review of a panel decision is otherwise discretionary, on its own motion, or upon the request of a party in interest
 
 (see,
 
 Workers’ Compensation Law § 142 [2]). Workers’ Compensation Law § 23 contains an additional provision that is significant in the case before us:
 

 “An appeal to the appellate division of the supreme court, third department, or to the court of appeals, shall not operate as a stay of the payment of compensation required by the terms of the award.”
 

 In the workers’ compensation statutory scheme there is a single provision for a stay. It is found in Workers’ Compensation Law § 25 (3) (f):
 

 “If the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within ten days * * * except in case of an application to the board for a modification, rescission or review of such award, there shall be imposed a penalty equal to twenty percent of the unpaid compensation.”
 

 Neither section 23 nor section 25 (3) (f) of the Workers’ Compensation Law provides for discretionary full Board review.
 

 
 *373
 
 Here, the employer acquired this statutory stay on its first appeal to the Board. The stay, as it turned out, carried the matter through the panel’s decision, a period of over one year. At that point the employer was entitled to (and did) appeal to the Appellate Division — a review that by express prohibition did
 
 not
 
 carry a stay (Workers’ Compensation Law § 23). Nowhere is there any provision according a stay to a party seeking discretionary full Board review of a unanimous panel decision (see,
 
 e.g.,
 
 Workers’ Compensation Law §§ 22, 123, 142), and we do not read the above-quoted language as authorizing what would amount to a second stay, pending discretionary full Board review. Indeed, as this Court has recently noted, there is a longstanding “public policy in favor of prompt payment of workers’ compensation benefits to injured employees”
 
 (Matter of Keser v New York State Elmira Psychiatric Ctr.,
 
 92 NY2d 100, 105).
 

 In 1970, the Legislature amended Workers’ Compensation Law § 23 to repeal the former provision by which a party gained a stay by appealing to the Appellate Division (L 1970, ch 585). The Legislature’s objective was to encourage “payment of compensation periodically and promptly in a like manner as wages” as well as to obviate the difficulties encountered by claimants in obtaining medical care (Sponsor’s Mem, 1970 NY Legis Ann, at 331).
 

 The employer here argues that the Legislature must have intended that there be an additional stay pending discretionary full Board review because the express provision for reimbursement when awards are modified or rescinded upon judicial appeal (Workers’ Compensation Law § 23) does not apply when awards are modified or rescinded by the full Board. This argument fails to consider the provisions of Workers’ Compensation Law § 22, which provides that if on review the Board modifies an award, any overpayment may be systematically deducted from future payments. Moreover, we have no basis on this record to dispute the Board’s assertion that in practice it exercises its discretion and general power to provide for the employer’s reimbursement if a panel’s decision is reversed by the full Board
 
 (see,
 
 Workers’ Compensation Law § 142 [1]).
 

 At present a party may proceed along separate tracks after receiving notice of a panel’s unanimous decision: it may appeal to the Appellate Division, it may apply to the full Board for discretionary review, or it may do both, simultaneously. The application to the full Board for discretionary review, we note,
 
 *374
 
 does not toll the 30-day limitation period for taking an appeal to the Appellate Division
 
 (see, Matter of Dukes v Capitol Formation,
 
 213 AD2d 756,
 
 lv dismissed
 
 86 NY2d 810, 87 NY2d 891;
 
 Matter of Roscoe v New York Tel. Co.,
 
 125 AD2d 881). The Legislature amended the law in 1970 so as to foreclose any stay of payment on appeal to the Appellate Division. Interpreting the statute to allow a party to obtain a stay by the simple expedient of filing for another round of discretionary administrative review would confound the statutory protocol. Given the legislative intent toward promoting efficiency by removing the Appellate Division stay in Workers’ Compensation Law § 23, we will not strain to reintroduce it, in slightly different attire, in Workers’ Compensation Law § 25 (3) (f). Section 25 (3) (f)’s stay of penalty for late payment of an award does not apply during the pendency of requests for discretionary full Board reviews.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the decision of the Workers’ Compensation Board filed June 17, 1996, reinstated.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order, insofar as appealed from, reversed, etc.
 

 [1]
 

 . It is not necessary that the entire Board membership participate in proceedings at which it carries out its duties (Workers’ Compensation Law § 142 [2]; 12 NYCRR 300.1 [a]). Pursuant to Workers’ Compensation Law § 142 (2): “Any review, hearing, rehearing, inquiry or investigation required or authorized to be conducted or made by the workers’ compensation board may be conducted or made by any panel of the board consisting of not less than three members thereof, and the order, decision or determination of a majority of the members of a panel shall be deemed the order, decision or determination of the board * * * unless the board on its own motion, or on ap
 
 *371
 
 plication by a party in interest for a full board review, shall modify or rescind such order, decision or determination.”
 

 [2]
 

 . In pertinent part section 23 provides that within 30 days after receiving notice of the WCLJ’s decision: “Any party may * * * file with the board an application in writing for a modification or rescission or review of such award or decision * * *. Within thirty days after notice of the decision of the board upon such application has been served upon the parties * * * an appeal may be taken therefrom to the appellate division of the supreme court, third department.”