■ In the Matter of the Claim of Dawn Negron, Claimant, v Sky View Haven Nursing Home, Inc., et al., Respondents, and Special Fund for Reopened Cases, Appellant. Workers' Compensation Board, Respondent. [856 NYS2d 279]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed October 25, 2006, which directed that the award of workers' compensation benefits be paid by the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

As a result of work-related injuries that claimant sustained in 1995, she received workers' compensation benefits through the employer's workers' compensation carrier, the State Insurance Fund (hereinafter SIF). After her conviction of petit larceny in connection with submitting false statements to SIF, the Workers' Compensation Board, by decision dated February 21, 2002, disqualified her from receiving benefits for the period from May 30, 1999 to January 1, 2000 and ordered her to pay $3,120 in restitution. In addition, a new award of benefits was made for the period from January 1, 2000 to August 21, 2000, totaling $8,536.11, with the restitution and the payments that had already been made to claimant to be credited toward that amount.

Thereafter, when claimant sought payment of the new award, SIF took the position that it was entitled to an overpayment credit totaling $4,914.73 for payments made to claimant for the period preceding January 1, 2000. The Workers' Compensation

Law Judge (hereinafter WCLJ) agreed with SIF and the Board affirmed by decision dated December 29, 2003. In July 2004, SIF filed a request for further action seeking to transfer liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. The Board granted the application, and this appeal by the Special Fund ensued.

Workers' Compensation Law § 25-a (1) provides that where a workers' compensation claim is reopened "after a lapse of seven years from the date of the injury . . . and also a lapse of three years from the date of the last payment of compensation" liability for any subsequent award shifts to the Special Fund. In this case, it is undisputed that SIF's application was made more than seven years after the injury; the pivotal question is whether it was also made more than three years after the last payment of compensation.

The Special Fund contends that SIF, by claiming credit for the overpayment in lieu of making further benefit payments to claimant, effectively made a "payment of compensation" within the meaning of Workers' Compensation Law § 25-a. We agree. This Court has held that a carrier may be deemed to have made a payment of compensation "by claiming a credit on a previous overpayment" (*Matter of Reed v Danz Constr. Co.*, 9 AD2d 1004, 1005 [1959]). Here, after the Board affirmed the award of benefits to claimant for the January 1, 2000 to August 21, 2000 period, SIF then claimed a credit on the overpayment, and further proceedings followed until that issue was resolved by the Board in SIF's favor. As in *Reed*, if the credit for the overpayment had not existed, SIF would have been required to make payment to claimant, and it did so by claiming the credit (*see id.*).

We next determine on what date that payment was made for purposes of Workers' Compensation Law § 25-a (1). The Special Fund argues that it was made on December 29, 2003 when the Board affirmed the WCLJ's ruling that the overpayment should be credited against the amount that SIF owed to claimant. However, in *Reed* we indicated that by claiming credit for an overpayment, the carrier was relieved of making a payment *as of the date that it would have been required to make such payment* (*see* 9 AD2d at 1005). In this case, SIF would have been required to make payment to claimant on February 21, 2002, the date that the Board affirmed the January 1, 2000 to August 21, 2000 award (*see* Workers' Compensation Law § 25 [3] [f]; *Matter of Lehsten v NACM-Upstate N.Y.*, 93 NY2d 368, 370, 372 [1999]). Thus, for purposes of section 25-a, the overpayment was credited to SIF as of February 21, 2002 and, accordingly,

under the particular circumstances herein, SIF is deemed to have made its last payment to claimant on that date. Because SIF's application for further action was filed less than three years later, liability should not have been shifted to the Special Fund.

The remaining arguments have been considered and found to be unpersuasive. Accordingly, the Board's decision must be reversed.

Mercure, Spain, Malone Jr. and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.