### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 30, 2015           519821
_____

In the Matter of the Claim of
    DARYL HOLLEY,
                        Respondent,

        v

SYRACUSE UTILITIES,
                        Respondent,

        and

PMA MANAGEMENT CORPORATION, On          MEMORANDUM AND ORDER
    Behalf of LEGION INSURANCE
    COMPANY in Liquidation,
                        Appellant,

        and

SPECIAL FUND FOR REOPENED
    CASES,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  March 23, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____

        Hinman Howard & Kattel, LLP, Syracuse (Kelly C. O'Connor of
counsel), for appellant.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Fund for Reopened
Cases, respondent.

                    _____

McCarthy, J.P.

Appeal from a decision of the Workers' Compensation Board, filed December 13, 2013, which ruled that liability for the claim did not shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25–a.

Claimant injured his left knee while working in June 2001, and he successfully applied for workers' compensation benefits. In 2003, he was found to have a 25% schedule loss of use of his left leg.  No further benefits were awarded until June 2012, when a Workers' Compensation Law Judge awarded benefits for work that claimant had missed from August 2008 to October 2008 and directed that they be credited against the prior schedule loss of use award.  In October 2012, the workers' compensation carrier for the employer requested that liability for the claim be transferred to the Special Fund for Reopened Cases (see Workers' Compensation Law § 25-a).  The Workers' Compensation Board ultimately denied that request as premature, and the carrier appeals.

We affirm.  "Pursuant to Workers' Compensation Law § 25-a, the transfer of liability for a claim is appropriate when an application to reopen a closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation" (Matter of Thurston v Consolidated Edison Co. of N.Y., Inc., 115 AD3d 1143, 1144 [2014] [internal quotation marks and citations omitted]; see Matter of Khomitch v Crotched Mtn. Community, 120 AD3d 1459, 1461 [2014]).  The only dispute here is when the last payment of compensation was made and, in that regard, "a carrier may be deemed to have made a payment of compensation 'by claiming a credit on a previous overpayment'" (Matter of Negron v Sky View Haven Nursing Home, Inc., 50 AD3d 1344, 1345 [2008], quoting Matter of Reed v Danz Constr. Co., 9 AD2d 1004, 1005 [1959]).  Moreover, "by claiming credit for an overpayment, the carrier was relieved of making a payment as of the date that it would have been required to make such payment" (Matter of Negron v Sky View Haven Nursing Home, Inc., 50 AD3d at 1345 [emphasis omitted]).  The carrier here would have been required to make payment to claimant in June 2012, when the Workers' Compensation Law Judge implicitly

rescinded the earlier schedule loss of use award and credited the award of benefits for August 2008 to October 2008 against the prior payment (see Workers' Compensation Law § 25 [3] [f]; Matter of Negron v Sky View Haven Nursing Home, Inc., 50 AD3d at 1345-1346; Matter of Reed v Danz Constr. Co., 9 AD2d at 1005). Inasmuch as the carrier sought to shift liability to the Special Fund less than a year later, the Board properly found that the time periods of Workers' Compensation Law § 25-a had not been met.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court