Matter of Szymanski v ABA Tech Indus., Inc. (2022 NY Slip Op 02600)

Matter of Szymanski v ABA Tech Indus., Inc.

2022 NY Slip Op 02600

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

533319
[*1]In the Matter of the Claim of Andrezej Szymanski, Appellant,
v
ABA Tech Industries, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Aviva Sharbin of counsel), for ABA Tech Industries, Inc. and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed October 14, 2020, which denied claimant's request to assess a late payment penalty pursuant to Workers' Compensation Law § 25 (3) (f).
In October 2018, claimant, an asbestos handler and/or removal worker, filed an occupational disease claim for workers' compensation benefits, alleging that he sustained binaural hearing loss due to prolonged and repeated exposure to loud noises while working for the employer. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, and, following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, established the claim for binaural hearing loss with a date of disablement of December 24, 2017. Additional hearings ensued, after which the WCLJ, in a January 21, 2020 notice of decision, found, among other things, that claimant had sustained a 77.15% schedule loss of use (hereinafter SLU) for binaural hearing loss, entitling claimant to 115.725 weeks of benefits at a rate of $738.46 (for a total award of $85,458.28, less payments already made). On February 19, 2020, the carrier sought administrative review by the Workers' Compensation Board, contending, among other things, that a finding of a protracted healing period was unwarranted and that claimant's average weekly wage should be modified. On February 26, 2020, the WCLJ issued an amended decision identical to its previous decision but omitting its prior finding that there was a protracted healing period. In a June 2, 2020 Board panel decision, the Board affirmed the WCLJ's January 2020 decision, as amended by the February 2020 decision, which calculated claimant's average weekly wage.
At a hearing held on July 1, 2020, claimant's representative sought approval for claimant's request for hearing aids and raised the issue of the carrier's untimely payment of the award, which claimant did not receive until June 9, 2020. The WCLJ authorized the request for hearing aids but denied the request to impose a late payment penalty. Upon administrative appeal, the Board affirmed, finding that timely payment was made by the carrier and that a late payment penalty was therefore unwarranted. Claimant appeals.
We affirm. Workers' Compensation Law § 25 (3) (f) provides, in relevant part, that "[i]f the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within ten days . . . except in case of an application to the [B]oard for a modification, recission or review of such award, there shall be imposed a penalty equal to twenty percent of the unpaid compensation which shall be paid to the injured worker or his or her dependents" (see Matter of Keser v New York State Elmira Psychiatric Ctr., 92 NY2d 100, 103 [1998]). "The penalty provisions of Workers' Compensation Law § 25 (3) (f) 'are self-executing, and the penalty is mandatory and automatic if [*2]the award is not timely paid'" (Matter of Malone v Bob Bernhardt Paving, 1 AD3d 781, 782 [2003], affd 2 NY3d 756 [2004], quoting Matter of Keser v New York State Elmira Psychiatric Ctr., 92 NY2d at 106; see Matter of Voorhees v Wal-Mart, 305 AD2d 893, 893 [2003]). "Public policy considerations necessitate such a liberal construction since the uniform assessment of penalties in all cases of late payment will ultimately benefit employees by deterring carriers from delaying award payments" (Matter of Malone v Bob Bernhardt Paving, 1 AD3d at 782 [internal quotation marks, emphasis and citations omitted]).
Contrary to claimant's contention that payment should have been made within 10 days of either the January 2020 or February 2020 WCLJ decisions, the plain language of Workers' Compensation Law § 25 (3) (f) makes clear that an application for Board review "for a modification, recission or review of such award" operates as a statutory stay of payment during the pendency of the Board's review (see Matter of Lehsten v NACM-Upstate N.Y., 93 NY2d 368, 370, 372 [1999]; Matter of Negron v Sky View Haven Nursing Home, Inc., 50 AD3d 1344, 1345 [2008]).[FN1] Upon reviewing the grounds raised in the carrier's February 19, 2021 application for Board review (form RB-89), the carrier sought, among other things, to challenge the finding of a protracted healing period and modify claimant's average weekly wage, each of which implicated the amount of the total SLU award and thereby triggered the statutory stay afforded in Workers' Compensation Law § 25 (3) (f). The record further reflects, and it is not disputed, that claimant received his payment on June 9, 2020 — within 10 days of the Board's June 2, 2020 panel decision affirming the amount of the WCLJ's SLU award. Accordingly, we discern no basis to disturb the decision of the Board denying claimant's request to impose a late payment penalty (see Workers' Compensation Law § 25 [3] [f]; Matter of Lehsten v NACM-Upstate N.Y., 93 NY2d at 372; Matter of Negron v Sky View Haven Nursing Home, Inc., 50 AD3d at 1345).
Finally, in his rebuttal of application for Board review (RB-89.1 form), claimant failed to preserve his contentions that the carrier's response to question number 16 on its application for Board review required the imposition of a late payment penalty and/or required the Board to deny review of the carrier's application for Board review. In any event, were these contentions properly before us, we would find them to be lacking in merit. Although it appears that the carrier's response, stating that it was paying a reduced indemnity benefit amount during the pendency of its administrative appeal, was incorrect, the Board's regulations requiring that an application for Board review be filled out completely and/or correctly may not abdicate, contravene or be inconsistent with the statutory stay provision contained within Workers' Compensation Law § 25 (3) (f) (see Workers' Compensation Law § 117 [1]; Matter of [*3]Liberius v New York City Health & Hosps. Corp., 129 AD3d 1170, 1172 [2015]; see also Matter of Haner v Niagara County Sheriff's Dept., 188 AD3d 1432, 1434 [2020] [stating that, where an application for Board review is incomplete or not in the proper format, "the Board's regulations do not mandate denial of an incomplete application for Board review"], lv denied 37 NY3d 906 [2021]). To the extent that we have not addressed any of claimant's remaining contentions, they have been considered and found to be without merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The statutory stay provision of Workers' Compensation Law § 25 (3) (f) does not apply to stay payment of an award "upon a filing of an application for full Board review" (12 NYCRR 300.13 [e]; see Matter of Lehsten v NACM-Upstate N.Y., 93 NY2d at 373-374).